UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVIE STEVENSON,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent, | Case No. CV 16-3945 CJC(JC)<br><br>ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |

On June 6, 2016, petitioner, a California inmate who is proceeding *pro se*, formally filed a Petition for Writ of Habeas Corpus ("Petition") including a supporting memorandum ("Petition Memo"), multiple voluminous attachments and exhibits ("Petition Ex.") and documents which have been filed under seal. Petitioner, who is serving an indeterminate sentence of life without the possibility of parole, essentially contends that he was deprived of his Sixth Amendment right to waive counsel and represent himself during a state post-conviction proceeding under California Penal Code section 1054.9[1] and that the California Supreme

---

[1]California Penal Code section 1054.9 provides for a limited statutory right to post-conviction discovery for defendants sentenced to death or life without the possibility of parole. Barnett v. Superior Court, 50 Cal. 4th 890, 897 (2010), cert. denied, 563 U.S. 939 (2011). It

(continued...)

1  Court's denial of a petition for review challenging such deprivation was contrary to
2  and involved an unreasonable application of clearly established federal law and an
3  unreasonable determination of the facts in light of the evidence presented.
4  (Petition at 2, 5-6; Petition Memo at 2, 18-34; Petition Exs. 19, 21, 27, 38).  He
5  requests that this Court issue multiple orders directing the Los Angeles County
6  Superior Court to take certain actions in connection with its handling of the
7  California Penal Code section 1054.9 proceedings (*e.g.*, vacate its denial of
8  petitioner's motion to discharge counsel, allow him to represent himself and submit
9  certain discovery requests).  (Petition Memo at 16).

      Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it plainly appears from the Petition and accompanying documents that petitioner is not entitled to the relief he seeks from this Court.  Therefore, the Petition must be dismissed.

      This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim:  (1) "resulted in a decision that was contrary to, or

---

[1](...continued)
permits discovery to aid in preparing a habeas corpus petition even before an actual petition has been filed.  In re Steele, 32 Cal. 4th 682, 691 (2004).  Discovery pursuant to Section 1054.9 is part of the prosecution of a habeas corpus matter, not part of the underlying criminal case.  People v. Superior Court (Pearson), 48 Cal. 4th 564, 572 (2010); Rubio v. Superior Court, 244 Cal. App. 4th 459, 479 (2016) (citing Pearson).

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Here, as petitioner candidly acknowledges, "there are no constitutional provisions during a post-conviction proceeding regarding . . . the right to waive counsel and be self-represented[.]" (Petition Memo at 30). While a criminal defendant has a constitutional right under the Sixth Amendment to proceed to trial without counsel when he voluntarily and intelligent elects to do so, Faretta v. California, 422 U.S. 806, 807 (1975), there is no clearly established United States Supreme Court authority suggesting that the United States Constitution bestows a right to self-representation upon a petitioner in a post-conviction proceeding. See Martinez v. Court of Appeal of California, Fourth Appellate Distr., 528 U.S. 152, 163 (2000) (Neither holding nor reasoning in Faretta requires California to "recognize a constitutional right to self-representation on direct appeal from a criminal conviction"; "In requiring Martinez, under these circumstances, to accept against his will a state-appointed attorney, the California courts have not deprived him of a constitutional right."); In re Barnett, 31 Cal. 4th 466, 475 (2003) ("Although the United States Supreme Court has not ruled on this matter specifically, it is logical to conclude that if there is no federal constitutional right to self-representation in a state appeal as of right . . . then there is no such constitutional right in state collateral proceedings. Not only does the Sixth Amendment right to self-representation at trial clearly not apply, but the autonomy interests that survive a judgment of conviction surely are no greater once the judgment is affirmed on appeal and the inmate is relegated to the civil remedy of seeking collateral relief") (internal citation to Martinez omitted); see also Fletcher v. Beard, 2016 WL 2866431, *3 (E.D. Pa. May 16, 2016) (no federal constitutional right to self-representation in federal habeas proceeding; federal court has

discretion to allow petitioner to proceed pro se or to insist that he accept representation).

In the absence of a clearly established federal constitutional right to self-representation in a post-conviction collateral proceeding, petitioner cannot demonstrate that the decisions of the pertinent California courts declining to allow petitioner to represent himself in the California Penal Code section 1054.9 habeas-related proceedings, were contrary to, or involved an unreasonable application of clearly established federal law or were based on an unreasonable determination of the facts in light of the evidence presented. Accordingly, it plainly appears from the Petition and accompanying documents that petitioner is not entitled to the federal habeas relief he seeks.

IT IS THEREFORE ORDERED that the Petition is summarily dismissed. All other pending motions are denied as moot.[2]

The Court also concludes that a certificate of appealability is unwarranted in this case, because petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determinations herein. Thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 20, 2016

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] The Court has considered the substance of petitioner's Motion to Supplement Petition in assessing whether summary dismissal is appropriate. The matters referenced therein do not alter the Court's analysis or determination that summary dismissal is appropriate.